**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY SIMON JAMESON, | No. 09-16543 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-01344-LJO |
| v. | |
| JAMES YATES, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 13, 2010**

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

California state prisoner Barry Simon Jameson appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253,[1] and we affirm.

The district court properly determined that it was barred from reaching the merits of Jameson's claims by an independent and adequate state procedural rule. Here, the state met its initial burden by adequately pleading the existence of the state procedural rule requiring exhaustion of administrative remedies. Even construing Jameson's pro se pleadings liberally, Jameson failed to place the independence or adequacy of that rule in issue, arguing only that the state court incorrectly determined that he failed to exhaust his administrative remedies. *See Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003) ("Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner."). The district court correctly determined that Jameson failed to establish cause for the procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Jameson's contention that the state court incorrectly determined that he failed to exhaust his administrative remedies does not state a cognizable claim of a violation of federal law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal

---

[1] We certify for appeal on our own motion the issues presented in this appeal.

habeas corpus relief does not lie for errors of state law[.]").

**AFFIRMED.**